**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **ERNEST VILLARREAL** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 6:18-CV-00024** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **FORMOSA PLASTICS CORPORATION,** | § | |
| **TEXAS,** | § | |
| *Defendant.* | § | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant Formosa served its responses to Plaintiff's first set of discovery more than three weeks ago. It failed to verify any of its answers and refused to answer a simple question: did its Human Resources Director Bill Laas call the plaintiff, Ernest Villareal, a "fat lazy Mexican" while arguing for the removal of Mr. Villareal's accommodation for his disability.

In the conferral process, defense counsel, in person, represented that Mr. Laas would verify the answers to discovery, which included an interrogatory that asked whether or not it was true that Mr. Laas called the plaintiff that epithet. However, there has been neither an answer to that interrogatory, nor a verification of the answers Formosa did provide, despite multiple attempts to confer, as outlined below. The Court should order compliance with the Rule 33(b)(3) and award expenses under these circumstances.

### Factual Background

Bill Laas is Defendant Formosa's Director of Human Resources for its Point Comfort, Texas operations. Formosa employed Mr. Villareal for 30 years and recognized him as an excellent employee before and after he was diagnosed with a disability: hearing loss caused by an explosion at the Point Comfort plant in 1989. As he got older, his hearing continued to deteriorate.

In consultation with his managers, Formosa accommodated this disability in 2011 or 2012, by allowing him to work in quieter areas of his unit, the PVC/VCM unit. After Mr. Laas became the H.R. Director, he became angry that Plaintiff had been accommodated and demeaned him to one of Formosa's senior officials. Mr. Laas told Formosa's Medical and Safety Director that Plaintiff's accommodation should be removed because he was just a "fat lazy Mexican" and was "sitting on his a\*\*." These are not Plaintiff's assertions of what Mr. Laas said, but the sworn testimony of one of Defendant's highest ranking officials at the Point Comfort plant.

Thus, Mr. Laas and his team, after years of accommodating this disability, deemed Mr. Villareal damaged goods and a liability due to his hearing impairment that resulted from the 1989 valve explosion. So Defendant ended the accommodation, ordered him removed from his job, and transferred to a louder work area in a unit where Plaintiff had never worked. This forced Plaintiff to take disability leave. Formosa then barred him from the facility, which caused him to lose his shredding contracts with Formosa. Formosa finally reinstated him, but only after he suffered loss in pay, mental anguish, the loss of his shredding contracts with Formosa. This suit ensued.

### Defendant Refuses to Honor its Discovery Obligations

Defendant responded to Plaintiff's first set of discovery on October 29, 2018. Although Defendant failed to respond to many of the interrogatories, the parties are still conferring on all but two discrete issues that are of critical importance: the failure to answer Interrogatory No. 20, and the failure to verify any of the responses. Three weeks have passed, and despite Plaintiff's repeated pleas, there still is no verification, and no answer to Interrogatory No. 20.

Interrogatory No. 20 reads as follows:

**INTERROGATORY NO. 20**:
Please explain whether or not Formosa has investigated the allegations that Mr. Bill Laas called Mr. Villarreal a "fat, lazy Mexican", and please state whether that allegation is true or not true and the identify of all witnesses you have interviewed with respect to this allegation, as well as all individuals who played a role in any such investigation.

**OBJECTION**:
Formosa objects to this Interrogatory on the grounds that it invades the attorney-client privilege and attorney work-product doctrine. The allegation referenced was never reported by Plaintiff or anyone else to Formosa. On the contrary, Plaintiff's charge of discrimination was the first time Formosa learned of any such allegation. Formosa retained counsel upon receipt of Plaintiff's charge of discrimination.

A week after Defendant served its discovery answers, Mr. Laas was deposed, along with Formosa's Medical and Safety Director, Shane Burgin. According to Mr. Burgin, Mr. Laas was in Mr. Burgin's office when Mr. Laas became angry that Plaintiff had been accommodated and tried to persuade Mr. Burgin to agree that he should not be accommodated any longer.

During the depositions, counsel conferred on the issue of the failure of Defendant to verify under oath the answers, and the non-answer to Interrogatory No. 20. Defense counsel replied that Bill Laas would verify the answers and that Formosa was standing on its claim that the answer was protected by the attorney-client and work product privilege.

Mr. Burgin testified in detail about the meeting with Mr. Laas and that Mr. Laas repeated the epithet on a later telephone call. For his part, Mr. Laas issued a lukewarm denial, saying "Not that I remember, no." Mr. Burgin, after being shown Formosa's response to Interrogatory No. 20, also testified that Formosa's counsel had admitted to him that Mr. Laas actually confirmed that he made those statements about Plaintiff.

The parties have scheduled more depositions, and Plaintiff is entitled to have Defendant's sworn answers before examining its witnesses, pursuant to the plain language of Rule 33(b)(3). Moreover, both Plaintiff and this Court are entitled to know Defendant's answer to the question of

whether it is true that its Human Resources Director called Plaintiff those names.

The question asks about three issues: whether Formosa has investigated this issue, whether it is true or not that Mr. Laas called Plaintiff a "fat lazy Mexican," and whom Formosa interviewed concerning it (i.e., if it investigated). All three issues are factual, and the attorney-client privilege does not shield facts. *Indus. Clearinghouse, Inc. v. Browning Mfg. Div. of Emerson Elec. Co.*, 953 F.2d 1004, 1007 (5th Cir. 1992) ("[t]he attorney-client privilege protects only evidence of client communications; it 'does not protect against discovery of underlying facts from their source merely because those facts have been communicated to an attorney'").

Similarly, while an interrogatory can intrude on work product (the basic protection is against disclosure of documents and tangible things, FED. R. CIV. P. 26(b)(3)(A)) if it requires disclosure of an attorney's opinion work product, there is no intrusion if it simply requires a factual answer. *Kaye v. Lone Star Fund V (U.S.), L.P.*, No. 3:09-CV-02263-M-BK, 2012 WL 13093400, at *3 (N.D. Tex. Mar. 23, 2012) (the attorney-client and work-product privileges "do not protect facts merely because they were communicated either to an attorney or by an attorney if the attorney obtained the facts from independent sources.") (*citing Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981); *Hickman v. Taylor*, 329 U.S. 495, 508 (1947)). Hence, Formosa can admit that Mr. Laas said it, deny that he said it, or claim it doesn't know, but what it cannot do is simply refuse to answer on the basis of privilege or work product protection. It is noteworthy that Mr. Burgin himself testified that nobody at Formosa ever interviewed him. He also testified that to his knowledge, nothing has been done about Mr. Laas's bigoted statements. Thus, the third issue (the identity of witnesses interviewed by Formosa) is also factual and not protected by the work product doctrine. *Brody v. Zix Corp.*, 2007 WL 1544638, at *1 (N.D. Texas May 25, 2007) ("requir[ing] plaintiffs to identify the former Zix

Corp employees who were interviewed by counsel and provided facts alleged in the complaint");

*Ramos v. Cooper Tire & Rubber Co.*, 2010 WL 11595105, at *3 (D.N.M. November 10, 2010).

Other courts have confirmed that the "identities of persons who provided statements, along with information on who took the statement and when, is not protected work product." *Packard v. Darveau*, 2012 WL 4443505, at *4 (D. Neb. 2012).

For Mr. Laas's part, he testified that no one at Formosa has ever even informed him Mr. Burgin says that Mr. Laas called Mr. Villareal a "fat lazy Mexican" in Mr. Burgin's own office. To the extent that Defendant attempts to claim that Mr. Burgin is some low-level employee, he is not. Both he and Mr. Laas testified that Mr. Burgin reports to nobody but New Jersey, and his relationship to the plant manager is a dotted line, not a direct one. Mr. Burgin reports to Formosa U.S.A. Vice President, John Pastuck, in New Jersey, while Mr. Laas reports to Ben Huang, a Point Comfort management official who in turn reports to the plant manager, Rick Crabtree.

By the time Mr. Laas testified on November 5, 2018, he was forced to admit that Mr. Burgin was a man of "honesty", "integrity" and "top notch". In fact, when offered the opportunity to say anything adverse about Mr. Burgin, he demurred, saying that he could not offer anything "bad to say about Shane Burgin."

Due to the exigency of these circumstances (upcoming depositions and the failure to answer Interrogatory No. 20 ("fully in writing under oath", per Rule 33(b)(3)), this Court should order Defendant to promptly comply, and should award expenses, given the complete lack of any good cause for the failure to comply. Formosa knew on October 29 that the interrogatory was not answered, "fully in writing under oath." While Plaintiff deposed Mr. Laas and Mr. Burgin

without Formosa's compliance, Plaintiff was entitled to compliance then. He is certainly entitled to compliance now.

**Defendant Will Not Budge:**
**Multiple Attempts at Conferral have Proven Unsuccessful**

In an effort to avoid seeking this Court's assistance, this issue was brought to Defendant's attention in Victoria, Texas, while defense counsel Dylan Farmer was present during the depositions of Mr. Laas and Mr. Burgin. Those in person discussions were on November 5 and 7, 2018. No resolution was reached. Defense counsel failed to follow up in any way as to these two deficiencies, so Plaintiff followed up by email. This occurred on November 9, 2018, and then, having had no response from Formosa, another email reminding them of the unresolved issues, another email was sent on November 12, 2018. Finally, having still received no response to these issues, a third email was sent to Mr. Farmer Friday November 16, 2018, with a deadline of close of business on November 19, 2018.

**Conclusion**

Parties should do what Rule 33 requires: answer questions "fully in writing under oath." Plaintiff requests this Court to order Defendant to comply, and to award the expenses necessitated by its failure to comply.

Respectfully submitted,

MAREK, GRIFFIN & KNAUPP
203 N. Liberty Street
Victoria, Texas 77901
Tel. 361-573-5500
Fax. 361-573-5040

/s/ John W. Griffin, Jr.

6

John W. Griffin, Jr.
Texas Bar No. 08460300
jwg@lawmgk.com
Katherine L. Butler
Texas Bar No. 03526300
kathy@butlerharris.com

ATTORNEYS FOR PLAINTIFF

**Certificate of Conference**

I certify that, as noted above, multiple attempts to resolve this discovery dispute, including via email and in-person discussions, the Defendant will not provide verification for its interrogatory answers and will not answer interrogatory No. 20.

/s/ John W. Griffin, Jr.

**Certificate of Service**

I certify that a true and correct copy of this document has been served upon the Defendant by email on November 19, 2018, to Defendant's counsel of record.

/s/ John W. Griffin, Jr.

7